Argued March 7, affirmed April 23, 1969

STATE OF OREGON, *Respondent, v.*
LOUIS DEWEY KENNEDY,
*Appellant.*

453 P2d 658

*M. Chapin Milbank,* Salem, argued the cause and filed a brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

SLOAN, J.

Defendant was convicted of the charge of attempting to escape from the Oregon penitentiary. Prior to

146

his trial and conviction on the above charge, defendant's previously accumulated "good time" of about 400 days had been administratively cancelled by reason of the attempted escape. Defendant claimed that charging him with a crime for the same cause that eliminated his good time accumulation was double jeopardy. The trial court denied the plea and defendant claims this was error.

■ It was not. The reduction in the term of a sentence is permitted when the inmate's "record of conduct shows that he faithfully has observed the rules of the institution, and where industry and general reformation are certified to the Governor by the warden. * * *." ORS 421.120. Conduct that would deprive an inmate of the statutory credit may or may not be criminal. Adherence to the rules of the institution is the crucial test. Obviously defendant failed to conform to the rules. In a frequently cited federal case involving the precise issue the court had this to say:

"* * *. There is no double punishment. The two matters were entirely distinct and separate. The allowance of good time, until earned for the entire term [citing cases], is a privilege which is conditioned expressly by the statute, sec. 710, Title 18 U.S.C.A., allowing it upon a record of conduct showing 'that he has faithfully observed all the rules and has not been subjected to punishment.' [Citing case]. The existence or the forfeiture of good time is in no sense dependent upon whether the misconduct also may be a criminal act. * * *." Pagliaro v. Cox (CCA 8th, 1944) 143 F2d 900, 901.

The same rule is more summarily announced in later identical federal cases, see for example, Mullican v. United States (CCA 5th, 1958) 252 F2d 398, 70 ALR2d 1217.

The state courts have given the same answer to the

same question. *State v. Vinson,* 1968, 8 Ariz App 93, 443 P2d 700, and cases there cited; *State v. Williams,* 1960, 57 Wash2d 231, 356 P2d 99.

■ A second assignment claims the court erred in admitting into evidence a crude gun that had been used by other inmates who participated with defendant in the attempted escape. Even though defendant was not shown to have actually used the gun, it was used by his fellow participants and he is equally responsible for what they did. *State v. Jensen,* 1957, 209 Or 239, 260, 289 P2d 687, 296 P2d 618.

Affirmed.