Argued September 25, affirmed October 2, petition for rehearing
denied October 29, petition for review denied December 8, 1970

STATE OF OREGON, *Respondent, v.*
JAMES R. MONTGOMERY, *Appellant.*

474 P2d 780

*John Toran, Jr.*, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

## BRANCHFIELD, J.

A jury found the defendant guilty of possession of narcotics. The defendant contends that the trial court erred (1) in denying a motion for acquittal on the grounds that the state failed to prove actual or constructive possession of narcotics, and (2) in denying a motion for mistrial after narcotics apparatus, which was unconnected with the accused, was admitted into evidence. The defendant contends, further (3) that he has been subjected to double jeopardy because his probation was revoked on the basis of the same evidence used to convict him in the case at bar.

The defendant was arrested in a hotel room with one Martina Versosa. There was testimony that the room was the defendant's. On top of a dresser in the room, the arresting officers observed a syringe, two empty balloons and two spoons, one of which held a brownish-colored liquid, later found to contain heroin. The officers found a second syringe in Miss Versosa's purse. Two balloons containing heroin were found in her coat.

Miss Versosa stated that none of the objects found on the dresser was hers. She testified that she had

left the room, shortly after arriving, in order to take an injection of heroin. She said that the spoon had nothing in it when she left the room, but it contained something when she returned, about four minutes later.

■ The first two assignments of error noted above lack merit. In *State v. Oare*, 249 Or 597, 439 P2d 885 (1968), the Supreme Court ruled that neither actual nor constructive possession of narcotics by the defendant had been established, when two men were found in a room with one marihuana cigarette. The court went on to say:

"* * * Had there been two lighted cigarettes at the time of the officer's entrance into the bathroom, it could have been inferred that one of them was defendant's because one person does not usually smoke two cigarettes at the same time * * *." 249 Or at 599.

In the case at bar, the facts that two sets of apparatus and two solutions containing heroin were found, and the only other occupant of the room denied possession of one set and one solution, provided evidence from which the jury was entitled to conclude that the defendant possessed the narcotics and narcotics apparatus.

■ The defendant's remaining assignment of error is also without merit. The double jeopardy clause, Art I, § 12, Oregon Constitution, does not prevent a person on probation who commits illegal acts from being responsible for those acts through both criminal prosecution and probation revocation. *United States v. Denno*, 173 F Supp 237, 241 (SD NY), aff'd 272 F2d 191 (2d Cir 1959), cert den 363 US 814, 80 S Ct 1252, 4 L Ed 2d 1155 (1960). See also *State v. Ken-*

*nedy,* 253 Or 145, 453 P2d 658 (1969), which held that charging the accused with attempting to escape, for which accused's accumulated good time had been administratively cancelled, did not amount to double jeopardy.

■ Revocation of probation does not undertake to punish offenses committed subsequent to the granting of probation. Rather, it imposes or causes to be executed sentence for the offense for which probation was originally granted.

Affirmed.