592 P.2d 189

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 3745.**

Court of Appeals of New Mexico.

Feb. 20, 1979.

Morris Stagner, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Jacob G. Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

John Doe, a minor, appeals from an order of the Children's Court extending the period of his parole supervision for an additional year.

Doe was committed to the New Mexico Boy's School on July 25, 1977, for a period of one year. He was paroled on March 20, 1978. On July 11, 1978, his parole was revoked for violation of the terms and conditions of his parole and he was ordered re-committed to the Boy's School. On July 13, 1978, the New Mexico Division of Corrections by Ms. Kelly Robbins, probation-parole officer, filed a petition stating that Doe was in need of care extending beyond the one year period provided in the court's original order. A hearing was held on this petition and the court subsequently granted the petition and entered the order appealed from.

Doe's sole point of error is that the court erred in denying his motion to strike the petition for extension of parole supervision because the probation-parole officer was "not a person vested with legal custody or responsibility of protective supervision." Doe contends that Section 32–1–38(E)(2), N.M.S.A.1978 (formerly § 13–14–35(E)(2), N.M.S.A.1953) of the Children's Code is controlling:

"E. At any time prior to expiration, a judgment vesting legal custody or granting protective supervision may be modified, revoked or extended on motion by:

\*   \*   \*   \*   \*   \*

(2) a person vested with legal custody, or responsibility of protective supervision, who requests the court for an extension of the judgment on the g[r]ounds that the requested action is necessary to safeguard the welfare of the child or the public interest."

Doe argues that since he was in legal custody of the Boy's School it was the only one authorized to file such a petition. In support of this, he cites the following part of Section 32–1–3(J) (formerly § 13–14–3 J, N.M.S.A.1953) of the Children's Code:

"J. 'legal custody' means a legal status created by the order of a court or tribunal of competent jurisdiction \* \*. *an individual granted legal custody of a child shall exercise his rights and responsibilities as custodian personally unless otherwise authorized by the court or tribunal entering the order* \* \* \*." [Emphasis added.]

He goes on to argue that the emphasized part of this subsection demonstrates that this was the Legislature's intention. This argument is ingenious but the Children's Code is not so restrictive. All that the emphasized subsection says to us is that if an individual, as distinct from an agency, is given legal custody, he cannot delegate his responsibility but must act personally.

The petition recites that it was made under authority of Section 32–1–38(F), N.M.S.A.1978:

"Prior to the expiration of a judgment transferring legal custody, the court may extend the judgment for additional periods of one year if it finds that the extension is necessary to safeguard the welfare of the child or the public interest."

Section 32–1–38(E), supra, speaks of the authority of "persons" to request "the court for an extension of the judgment." Section 32–1–38(F), supra, speaks of the authority of the court to extend the judgment.

As to the authority of the probation-parole officer to initiate such a proceeding, that is contained in Section 32–1–8(A)(3), N.M.S.A.1978 (formerly § 13–14–8(A)(3), N.M.S.A.1953):

"A. To carry out the objectives and provisions of the Children's Code, but subject to its limitations, probation officers have the power and duty to:

(3) *make* predisposition studies and submit reports and *recommendations to the court.*" [Emphasis added.]

591

The court did not err in denying Doe's motion to strike the petition.

We affirm.

IT IS SO ORDERED.

LOPEZ, J., concurs.

WALTERS, J., specially concurring.

WALTERS, Judge (specially concurring).

I agree with the result reached, but upon a different ground.

Section 33–1–3, N.M.S.A.1978, recites the legislative purpose for establishing a "corrections division," and the purpose is said to be

.   .   .   to create a single, unified division within the criminal justice department to administer all laws and exercise all functions formerly administered and exercised by the penitentiary of New Mexico, the state board of probation and parole   .   .   ., the New Mexico boy's school, the girl's welfare home and the juvenile probation services division of the administrative office of the courts.

Mrs. Kelly, being a juvenile probation-parole officer, was a member of the unified division to whom legal custody of the minor had been committed. Thus, her petition was proper as one filed by a "person," as statutorily defined, vested with legal custody who may move for modification or extension of a judgment granting protective supervision under § 32–1–38(E)(2), N.M.S.A.1978.

I do not believe Ms. Kelly's authority to petition is covered by § 32–1–8(A)(3), since that provision refers to submitting reports and recommendations to the court based upon *pre* disposition studies made by the probation officer. The instant petition was not a recommendation; nor did it precede the court's disposition of the petition to revoke parole. I do not think § 32–1–8(A)(3) can be read as anything less than a complete and related series of duties falling upon the officer to be performed prior to disposition, not afterward.