Argued and submitted February 21, reversed and remanded April 4, 1990

# STATE OF OREGON,
*Appellant,*

*v.*

# BRADFORD JAY MARICICH,
*Respondent.*

(C 88-11-37800; CA A60741)

789 P2d 701

Meg Reeves, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Anthony David Bornstein, Metropolitan Public Defenders, Portland, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

Defendant was charged with escape in the second degree. ORS 162.155. Before trial, he moved to dismiss the charge on the ground of former jeopardy, arguing that his probation on an earlier conviction had been revoked for the same alleged conduct. The trial court granted the motion, and the state appeals. We reverse.

The laws governing double jeopardy protect defendants from more that one criminal prosecution for the same criminal offense. Article I, section 12, of the Oregon Constitution provides that "[n]o person shall be put in jeopardy twice for the same offence [sic] * * *." ORS 131.515 provides:

"Except as provided in ORS 131.525 and 131.535:

"(1)  No person shall be prosecuted twice for the same offense.

"(2)  No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The Former Jeopardy Clause and the statute, however, do not "prevent a person on probation who commits illegal acts from being responsible for those acts through both criminal prosecution and probation revocation." *State v. Montgomery,* 3 Or App 555, 557, 474 P2d 780 (1970). The reason is that a probation revocation proceeding is not a criminal prosecution.

"The function of the proceeding is not to punish a defendant for a new crime. * * * Rather, the function is to determine whether to impose or execute a sentence for the offense of which defendant has already been convicted and for which probation was granted." *State v. Eckley,* 34 Or App 563, 567, 579 P2d 291 (1978).[1]

Revocation of defendant's probation, therefore, does not prevent his being prosecuted for escape for the same conduct. Accordingly, the trial court improperly granted his motion to dismiss.

---

[1] As recently as 1987, we reaffirmed the *Montgomery* and *Eckley* principle that a probation revocation is not a criminal proceeding. *State v. Kissell,* 83 Or App 630, 732 P2d 940 (1987).

Reversed and remanded.