Argued and submitted February 26, reversed and remanded April 21, 1993

## STATE OF OREGON,
*Appellant,*

*v.*

## TIMOTHY DEE KELLEY,
*Respondent.*

(CF 92-0008; CA A75523)

850 P2d 1170

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant was charged with possession of a controlled substance. ORS 475.992(4). Before trial, the court dismissed the charge on the ground that the state is collaterally estopped from prosecuting defendant for the charged conduct, because the same conduct had previously formed the basis for a revocation of probation on an earlier conviction. Defendant concedes that collateral estoppel does not prevent the state from prosecuting him for possession of a controlled substance. He contends, however, that prosecution is barred for reasons of former jeopardy.

In *State v. Maricich*, 101 Or App 212, 789 P2d 701 (1990), we held that a prosecution for criminal conduct is not barred, on the ground of former jeopardy, by the prior revocation of the defendant's probation in another case based on the same criminal conduct. We adhere to that holding. The trial court improperly granted defendant's motion to dismiss.

Reversed and remanded.