Ronald PORTER *v.* STATE of Arkansas

CA CR 92-975                                        861 S.W.2d 122

Court of Appeals of Arkansas
Division II
Opinion delivered September 22, 1993

*Cross, Kearney & McKissic*, by: *Jesse L. Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Ronald Porter appeals from his conviction at a jury trial of first-degree criminal mischief and burglary, for which he was sentenced to three years in the Arkansas Department of Correction and fined $5,000, respectively. Appellant argues four points for reversal in this appeal. We find no error and affirm.

Appellant was sixteen years old in October 1991 when he allegedly burglarized Westside School and caused in excess of $35,000.00 damage to school property. Appellant was charged as an adult in Bradley County Circuit Court with the felonies of burglary and first-degree criminal mischief.

At the time of these crimes, appellant was on probation after having been adjudicated a delinquent by the Bradley County Juvenile Court as a result of a May 1991 theft of property valued at more than $200.00. A petition to revoke appellant's prior probation, alleging as grounds for revocation appellant's activities at Westside School, was filed in juvenile court. After a hearing on January 24, 1992, the juvenile court revoked appellant's probation and ordered him placed into the custody of the Division of Children and Family Services.

On January 27, 1992, appellant filed a motion in the circuit court for an order dismissing the criminal prosecution on double jeopardy grounds or, in the alternative, transferring the case to juvenile court and enjoining further prosecution in the criminal proceeding. On January 28, appellant filed a petition for a writ of prohibition in the supreme court, also seeking to halt the prosecution on double jeopardy grounds. On January 29, the supreme court denied appellant's petition for a writ of prohibition without prejudice to his raising the issue of double jeopardy on appeal. Also on January 29, after a hearing, the circuit court denied appellant's motion to dismiss or transfer. The case proceeded to trial, and appellant was found guilty of both

charges.

■ Appellant first contends that the evidence was insufficient to sustain his convictions. We do not address the issue because it was not preserved for appeal. Where there has been a trial by jury, a defendant's failure to move for a directed verdict at the conclusion of the State's evidence and again at the close of the case constitutes a waiver of any question pertaining to the sufficiency of the evidence. Ark. R. Crim. P. 36.21(b). Here, appellant did not move for a directed verdict at either time, and we cannot consider his argument. *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992); *DeWitt* v. *State*, 306 Ark. 559, 815 S.W.2d 942 (1991).

Appellant next contends that the trial court erred in denying his motion to dismiss under both the Fifth Amendment to the United States Constitution and Art. 2, § 8 of the Arkansas Constitution. He argues that it violated the prohibition against being "twice put in jeopardy" for the same offense to be prosecuted on charges of burglary and criminal mischief when proof of that same criminal conduct had served as the basis for the revocation of his probation. We find no error.

■ We agree with appellant that a juvenile "who has been subjected to an *adjudication* proceeding pursuant to a petition alleging him to be a *delinquent*" cannot then be tried on "criminal charges based upon facts alleged in the petition to find him delinquent." Ark. Code Ann. § 9-27-319(a) (Repl. 1991) (emphasis added); *see Breed* v. *Jones*, 421 U.S. 519 (1975). However, that is not what happened in this case. Rather, the criminal conduct for which this appellant was tried and convicted in circuit court had merely been used as a basis for *revoking his probation*, which had been ordered as a result of the *prior, unrelated* adjudication of delinquency for the May 1991 theft of property. The detention imposed upon revocation of that probation was imposed for the prior, unrelated theft of property. As we recently held in *Lawrence* v. *State*, 39 Ark. App. 39, 839 S.W.2d 10 (1992), the prohibition against double jeopardy does not bar a criminal prosecution simply because the same criminal conduct has previously served as the basis for the revocation of the defendant's probation.

Appellant's third argument for reversal is that the court

erred in denying his alternative motion to transfer the matter to juvenile court. We cannot agree.

Since appellant was sixteen years old at the time of the acts in question, and since those acts would constitute felonies if committed by an adult, the prosecuting attorney had the discretion either to file a delinquency petition in juvenile court or to file criminal charges in circuit court and prosecute appellant as an adult. Ark. Code Ann. § 9-27-318(c) (Supp. 1991). Because appellant moved to transfer the case to juvenile court, the circuit judge held a hearing to determine whether to retain jurisdiction or to grant the motion to transfer. Ark. Code Ann. § 9-27-318(d). At the conclusion of the hearing, the court found by clear and convincing evidence that appellant should be tried as an adult and retained jurisdiction. Ark. Code Ann. § 9-27-318(f).

██ In making a determination whether to retain jurisdiction or to transfer the case, the court is to consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e). The court is not required to give equal weight to the statutory factors, nor is the prosecutor required to introduce proof against the juvenile with regard to each factor. *Hogan* v. *State*, 311 Ark. 265, 843 S.W.2d 825 (1992); *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). On appeal, the trial court's findings will not be reversed unless clearly erroneous. *Hogan* v. *State, supra; Walker v. State,* 304 Ark. 393, 803 S.W.2d 502, *reh'g denied,* 304 Ark. 402-A, 805 S.W.2d 80 (1991).

■ Here, the trial court considered the evidence in light of all of the statutory factors and found by clear and convincing evidence that appellant should be tried as an adult. Although appellant did not employ violence against another person, the court specifically found that the charged offenses were very serious and that appellant was beyond rehabilitation under existing rehabilitation programs. The court noted the extent of the damage done to school property and appellant's prior juvenile court history. From our review of the record, including proof that over $35,000.00 damage was intentionally done, that appellant had twice before been adjudicated delinquent, and that he had failed to complete the prior probation successfully, we cannot conclude that the trial court's decision was clearly erroneous.

■ Appellant finally argues that the trial court erred in denying his motion, made after the denial of his motion to transfer, to enjoin any further proceedings by the prosecutor. Again, appellant argues in his brief that the State was barred from prosecuting appellant on the criminal charges because it had elected to seek revocation of his probation in juvenile court. We first note that the circuit court did not hold any proceedings until after the supreme court had denied appellant's petition for a writ of prohibition. In any event, since appellant's contention is essentially based upon the same double jeopardy argument made above, we conclude that our decision of that former argument adversely to appellant disposes of this contention as well.

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.