Matthew Kristofer WRIGHT

v.

STATE of Texas.

No. 11–92–234–CR.

Court of Appeals of Texas, Eastland.

Nov. 18, 1993.

Rehearing Denied Dec. 16, 1993.

Stan Brown, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Nelda Williams, Abilene, for appellee.

McCLOUD, Chief Justice.

The jury found appellant, Matthew Kristofer Wright, guilty, in a two-count indictment, of involuntary manslaughter and of intentionally or knowingly causing injury to a child. Punishment was assessed at confinement for 10 years and a fine of $5,000 for the involuntary manslaughter offense and confinement for 60 years and a fine of $5,000 for the injury to a child offense. The sentences run concurrently.

The record reveals that, in a fit of anger, appellant violently shook the 2–year–old victim, causing massive internal head injuries which resulted in the death of the child. The sufficiency of the evidence is not challenged.

Appellant was charged in the first count of the indictment with murder and in the second count with injury to a child. In the first count, the jury found appellant guilty of the

lesser included offense of involuntary manslaughter. The jury found appellant guilty of injury to a child as charged in the second count of the indictment.

 In the first two points of error, appellant complains that the trial court accepted conflicting verdicts in Counts 1 and 2 of the indictment thereby denying appellant his due process rights under the United States Constitution and his due course of law rights under the Texas Constitution. Appellant contends that the jury's finding on the first count of the lesser included offense of involuntary manslaughter committed recklessly conflicts with the jury's finding on the second count that appellant intentionally or knowingly caused serious bodily injury to the victim. There is no dispute that, in finding appellant guilty of a lesser included offense in the first count, the jury acquitted appellant of murder.

Appellant urges that, by virtue of the jury's acquittal of appellant as to the murder charge, the jury determined that appellant did not have the intent to cause serious bodily injury to the deceased, an element of murder but not of involuntary manslaughter. Therefore, he contends that the verdict in Count 1 is fatally inconsistent with the verdict in Count 2 finding appellant guilty of intentionally or knowingly causing serious bodily injury to a child. We disagree.

 A finding of not guilty on the murder charge does not imply an adverse finding on each element of that offense. Such verdict may also indicate that the State failed to prove any one element of the offense beyond a reasonable doubt. *Meeks v. State*, 653 S.W.2d 6 (Tex.Cr.App.1983). See also *McQueen v. State*, 705 S.W.2d 271 (Tex. App.—Houston [1st Dist.] 1986, no pet'n).

The court instructed the jury:

Our law provides that to be guilty of murder, as alleged in Count 1 of the indictment, the defendant must intend to cause serious bodily injury and, with such intent, commit *an act clearly dangerous to human life* that causes the death of the deceased. Unless you so find beyond a reasonable doubt thereof, you will acquit the

defendant of the alleged offense of murder. (Emphasis added)

In the application portion of the charge, the court instructed:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of October, 1991, in Taylor County, Texas, the defendant Matthew Kristofer Wright, with intent to cause serious bodily injury to an individual, namely, Robert Thomas Moore, and with said intent did commit *an act clearly dangerous to human life*, to-wit: the said Matthew Kristofer Wright did then and there shake the said Robert Thomas Moore, thereby causing the death of the said Robert Thomas Moore, then you will find the defendant guilty of murder, as alleged in Count 1 of the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of murder and next consider whether he is guilty of involuntary manslaughter. (Emphasis added)

In acquitting appellant of murder, the jury could have found that the State failed to prove an element other than intent to cause serious bodily injury. The jury could have determined that the State failed to prove that appellant committed an act "clearly dangerous to human life." Appellant testified that, until this incident, he had no idea that shaking a child between the ages of six months to two-and-a-half years could cause damage. He had seen his parents shake children and had seen school teachers shake children. Appellant's father testified that he had shook appellant as a child and that appellant had seen him shake appellant's younger brother. Appellant's mother testified that appellant had seen her shake appellant's younger brother and that she herself was unaware of the danger of shaking a two-year-old. Dr. Charles Minor Harvey, the forensic pathologist who performed the autopsy on the deceased, testified that the internal head injuries which he attributed to shaking are not injuries seen in children four, five, and six years old because older children have a more mature nervous system.

Based upon the evidence, a rational jury could have either not believed or had reasonable doubt that the act of shaking the deceased two-year-old was *clearly* dangerous to human life. That would have required the jury to acquit appellant of murder and consider whether appellant was guilty of involuntary manslaughter.

We hold that the verdicts to Count 1 and Count 2 do not conflict and, thus, do not violate appellant's due process and due course of law rights. The first and second points of error are overruled.

■ In the third and fourth points, appellant argues that, since he was acquitted of murder, the trial court's acceptance of the guilty verdict under the second count of intentionally or knowingly causing serious bodily injury to a child violates appellant's double jeopardy rights under the Federal and State Constitutions. We disagree.

Appellant cites *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and argues that, under the "same-conduct" test established in *Grady,* the conviction of intentionally or knowingly causing serious bodily injury to a child is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution. Appellant contends that, to establish an essential element of intentionally or knowingly causing serious bodily injury to a child, the State had to prove "intent to cause serious bodily injury" which the jury had rejected in its acquittal of appellant for murder. The Court in *Grady* announced the "same-conduct" test which provided that a second prosecution would be barred if, to establish an essential element of the prosecution, the State would have to prove "conduct" that constituted an offense for which the defendant had already been prosecuted. This test was to be applied in addition to the *"Blockburger"* test.[1]

After the briefs in this case were filed in this court, the United States Supreme Court overruled *Grady v. Corbin, supra,* on June 28, 1993, in *United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), and returned to the *"Blockburger"* test.

Prior to *Grady, United States v. Webb,* 796 F.2d 60 (5th Cir.1986), *cert. den'd,* 479 U.S. 1038, 107 S.Ct. 894, 93 L.Ed.2d 846 (1987), held, in applying the *"Blockburger"* test, that there was no violation of the double jeopardy clause of the fifth amendment where the defendant had been convicted of murder and injury to a child. The court stated:

> The test to determine if two statutes prohibit the same offense is a matter of statutory construction; the court must determine whether each statute requires proof of an additional fact that the other does not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). What appellant fails to recognize is that "the Blockburger test is to be applied to the elements of proof required by the statute and not to the actual evidence or proof adduced at trial in a given case." *Davis v. Herring,* 783 F.2d 511, 514 (5th Cir.1986). See, e.g., *United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985).

The court in *Webb* noted that there were additional elements to be proved in both the offenses of murder and injury to a child. In the offense of injury to a child, the victim must be 14 years old or younger. There is no such requirement for murder. In the offense of murder, the death of a human being is essential to a conviction, but death is not essential to a conviction for injury to a child.

Because the Supreme Court overruled *Grady* and because the *"Blockburger"* test has been satisfied, appellant's conviction and punishment for both crimes in this case do not violate the Fifth Amendment to the United States Constitution. Appellant's third point of error is overruled.

■ Appellant urges separately, in Point of Error No. 4, that the conviction violates Article 1, § 14 of the Texas Constitution, which provides:

> No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

---

1. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Appellant cites *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991), which held that we must make an independent interpretation of our State Constitution and not merely "mirror" the United States Supreme Court's interpretation of the comparable federal constitutional provision. Following *Heitman*, the Fort Worth Court of Appeals, in *Smith v. State*, 842 S.W.2d 401 (Tex.App.—Fort Worth 1992, pet'n ref'd), after discussing the rule announced in *Heitman*, cited *Phillips v. State*, 787 S.W.2d 391 (Tex.Cr.App.1990), and held that the "federal and state prohibitions against double jeopardy are identical conceptually." Appellant has cited no authority to support his statement that the Texas double jeopardy prohibition is a "more expansive concept than its federal counterpoint." Appellant's fourth point of error is overruled.

■ In his fifth point, appellant argues that the State had to elect between the two counts of the indictment and that there cannot be two convictions under one indictment. We disagree.

As appellant points out, TEX.PENAL CODE ANN. § 3.01 (Vernon Supp.1993) was amended in 1987 to broaden the definition of "criminal episode." As amended, Section 3.01 provides that "criminal episode" includes two or more offenses committed in the same transaction. TEX.CODE CRIM.PRO.ANN. art. 21.24 (Vernon 1989) provides that offenses arising out of the same criminal episode may be joined in a single indictment. TEX.CODE CRIM.PRO.ANN. art. 37.07, § 1(c) (Vernon 1981) provides that, when the indictment contains more than one count or joins more than one offense, a separate verdict must be returned as to each count or offense. TEX.CODE CRIM.PRO.ANN. art. 37.07, § 2(c) (Vernon 1981) further provides that "[p]unishment shall be assessed on each count on which a finding of guilty has been returned." The fifth point is overruled.

■ Appellant argues, in his Points of Error Nos. 6, 7, 8, 9, 10, and 11, that the trial court erred in failing to sustain appellant's challenge for cause to prospective jurors Suetrong, Farmer, and Johnson because the prospective jurors demonstrated a bias against appellant and a bias against a law upon which appellant was entitled to rely. We disagree.

■ We must look to the record as a whole to determine whether the trial court abused its discretion in denying a challenge for cause. *Brandley v. State*, 691 S.W.2d 699 (Tex.Cr.App.1985). When bias or prejudice is not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such a degree that the prospective juror is disqualified and should be excused. *Anderson v. State*, 633 S.W.2d 851 (Tex.Cr.App.1982). A trial court's refusal to sustain a defendant's challenge for cause is reviewed in light of all the prospective jurors' answers. *Williams v. State*, 773 S.W.2d 525 (Tex.Cr.App.1988). A juror who can put aside any bias, prejudice, or conclusion of guilt and base his verdict on the evidence may serve. *Barber v. State*, 737 S.W.2d 824 (Tex.Cr.App.1987). Where the trial court is faced with vacillating answers from a juror, elements such as demeanor and tone of voice are important factors. Therefore, the trial court's decision is accorded great deference. *Mooney v. State*, 817 S.W.2d 693 (Tex.Cr.App.1991). After carefully reviewing the voir dire examination of the challenged prospective jurors, we hold that the court did not abuse its discretion in overruling appellant's challenges for cause. Points of Error Nos. 6 through 11 are overruled.

The judgment of the trial court is affirmed.