**Jeffrey Holmes MANNING, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–92–255–CR.**

Court of Appeals of Texas, Eastland.

Feb. 3, 1994.

Rehearing Denied Feb. 24, 1994.

Richard Alley, Law Offices of Richard Alley, Fort Worth, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant, Jeffrey Holmes Manning, guilty of aggravated perjury and assessed his punishment at confinement for two years. We affirm.

The record reveals that appellant made a false statement under oath during an official proceeding.[1] Appellant contends in his first point of error that the evidence is insufficient to support the conviction because he retracted his false statement before the completion of the testimony at the official proceeding.[2]

The Erath County Child Protective Services Unit of the Texas Department of Human Services filed a termination of parental rights suit against appellant in Cause No. 89–11–19512–CV and was granted an emergency

---

1. "Perjury" is defined in TEX.PENAL CODE ANN. § 37.02 (Vernon 1989):

    (a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:

    (1) he makes a false statement under oath or swears to the truth of a false statement previously made; and

    (2) the statement is required or authorized by law to be made under oath.

    "Aggravated Perjury" is defined in TEX.PENAL CODE ANN. § 37.03 (Vernon 1989):

    (a) A person commits an offense if he commits perjury as defined in Section 37.02 of this code, and the false statement:

    (1) is made during or in connection with an official proceeding; and

    (2) is material.

2. "Retraction" is defined in TEX.PENAL CODE ANN. § 37.05 (Vernon 1989):

    It is a defense to prosecution under Section 37.03 of this code (Aggravated Perjury) that the actor retracted his false statement:

    (1) before completion of the testimony at the official proceeding; and

    (2) before it became manifest that the falsity of the statement would be exposed.

order placing immediate possession of appellant's child with the Department of Human Services. On November 17, 1989, the trial court conducted an "Adversary Hearing" pursuant to TEX.FAM.CODE ANN. § 17.04 (Vernon 1986 & Supp.1994) to determine if there was a danger to the physical health or safety of the child. During the hearing on November 17, appellant testified that, while playing with the child, he tossed the child up in the air and caught him. When he tossed the child the second time, appellant lost his grip, and the child landed on appellant's knee. The evidence showed that the child suffered multiple injuries indicating that the child had been physically abused. Following the hearing on November 17, 1989, the trial court entered an order pursuant to TEX. FAM.CODE ANN. § 11.11 (Vernon 1986 & Supp.1994), ordering that the Texas Department of Human Services serve as temporary conservator of the child.

Thereafter, appellant's wife sued appellant for divorce in Cause No. 90–06–19827–CV. On December 5, 1990, the trial court entered an order consolidating Cause No. 89–11–19512–CV (suit for termination of parental rights) with Cause No. 90–06–19827–CV (divorce action). On April 15, 1991, appellant testified in the hearing of the consolidated cases that the testimony he gave on November 17, 1989, regarding the way his child was injured, was not true.

■ Appellant argues that, when the two cases were consolidated, they became one "official proceeding" and that he retracted his prior false statement before the "completion of the testimony at the official proceeding." We disagree. The November 17, 1989, hearing was a required "Adversary Hearing" pursuant to TEX.FAM.CODE ANN. § 17.04 (Vernon 1989 & Supp.1994). The court found that there was a "danger to the physical health or safety of the child" and entered an appropriate temporary order under Section 11.11 of the Family Code. The Section 17.04 hearing was an "official proceeding," and that proceeding was completed when the trial court entered the temporary order appointing the Texas Department of Human Services temporary managing conservator of the child. Appellant's retraction was not made before the completion of the testimony in the Section 17.04 "Adversary Hearing." Appellant's first point of error is overruled.

Appellant contends in his second point of error that the trial court erred in denying his motion to dismiss on the basis of double jeopardy and collateral estoppel.

On September 20, 1990, appellant was convicted of the offense of injury to a child, and punishment was assessed at confinement for 10 years and a $10,000 fine. The sentence was probated. On August 21, 1991, the State filed a motion to revoke appellant's probation alleging that appellant violated the terms of the probation by committing aggravated perjury. Following a hearing, the trial court refused to revoke appellant's probation and entered an order that appellant "be continued on probation upon the same terms and conditions as existed prior to the filing of the State's Motion to Revoke Probation."

■ The court in *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Cr.App.1986), observed that because a defendant has been twice placed in risk of punishment does not mean that he has been subjected to double jeopardy. A defendant must be placed in jeopardy twice for the "same offense" before double jeopardy protection applies. If his probation had been revoked, appellant would have received the punishment assessed for the offense of injury to a child. Here, he faced the risk of punishment for aggravated perjury. Therefore, he was not twice placed in jeopardy for the "same offense." Citing *Chambers v. State*, 700 S.W.2d 597 (Tex.Cr.App.1985), the *Tarver* court stated:

[W]e hold that the double jeopardy provisions of the Texas and the United States constitutions are not offended when evidence used in a successful or unsuccessful attempt to revoke "regular" probation or deferred adjudication probation is later used to prosecute the defendant in a different case.

Appellant cites *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and argues that the prosecution was barred under the "same-conduct" test announced in *Grady*. On June 28, 1993, the United States Supreme Court overruled *Grady v. Corbin*,

supra, and returned to the "same offense" test announced in *Blockburger v. United States of America*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *United States v. Dixon*, 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). We overrule appellant's double jeopardy argument.[3]

 Appellant also contends that the doctrine of collateral estoppel bars the State from prosecuting appellant for aggravated perjury after the State failed to prove the essential elements of that offense at the probation revocation hearing. The court in *Tarver* held that double jeopardy did not apply but that the doctrine of collateral estoppel barred the State from prosecuting the applicant for assault after the State failed to prove the identical allegations in a probation revocation hearing. After hearing the evidence of the alleged assault at the probation revocation hearing, the trial court in *Tarver* stated, "I find the evidence in this case to be totally incredible." The court, at the probation revocation hearing, found that the assault allegation was "not true." The *Tarver* holding is to be narrowly applied. The court stated:

> We emphasize the narrowness of this holding. A mere overruling of a State's motion to revoke probation is not a fact-finding that will act to bar subsequent prosecution for the same alleged offense. A trial court in a motion to revoke probation hearing has wide discretion to modify, revoke, or continue the probation. Art. 42.12, Sec. 8(a); *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Cr.App.1979). A court may continue or modify the probation even though finding that the allegations in the motion to revoke probation are true. See, e.g., *Furrh v. State*, [582 S.W.2d 824 (Tex.Cr.App.1979)] (defendant pleaded true to one allegation in the motion to revoke; trial court nevertheless continued the probation). A trial court's decision either to revoke or continue a probationer's probation may involve no fact-finding. See *King v. State*, 649

S.W.2d 42, 46 (Tex.Cr.App.1983) (an order *revoking* probation is sufficient even though it does not recite findings of fact). It is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is "not true," that a fact has been established so as to bar relitigation of that same fact. Furthermore, an acquittal of the offense will not bar a subsequent revocation of probation based on the same allegation.

 The trial court in *Tarver* specifically found that there had been no assault. Here, the trial court did not specifically find that there had been no perjury. It is apparent from the remarks of the trial court at the revocation hearing that the court was not convinced that the State merely had to show that appellant had made two inconsistent statements. The trial court agreed that, in a perjury trial, the State could merely show that appellant had made two inconsistent statements. However, in a probation revocation, the trial court concluded that the State must show that appellant made a false statement "after" he was placed on probation. The trial court specifically observed that there was a different element of proof in a probation revocation. Since the State did not show that the statement made by appellant on April 15, 1991, (after appellant was placed on probation) was a false statement, the trial court reasoned that the State had failed to show that appellant violated the probation order. The trial court, at the revocation hearing, did not find that the aggravated perjury allegation was "not true" as in *Tarver*. The trial court found that appellant should be "continued on probation" because there was no evidence that appellant had violated the terms of his probation after being placed on probation on September 20, 1990. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

---

**3.** Appellant makes no argument that his rights have been violated under the Texas Constitution. Likewise, he does not cite TEX. CONST. art. I, § 14. *Parrish v. State*, 869 S.W.2d 352 (Tex.Cr. App.1994); *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991). See also *Wright v. State*, 866 S.W.2d 747 (Tex.App.—Eastland, 1993).