888 P.2d 958

**In the Matter of LUCIO F.T., a Child.**

**No. 15413.**

Court of Appeals of New Mexico.

Nov. 3, 1994.

Certiorari Denied Dec. 19, 1994.

Sammy J. Quintana, Chief Public Defender and Patrick L. Lopez, Assistant Appellate Defender, Santa Fe, for respondent-appellant.

Tom Udall, Atty. Gen. and Bill Primm, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

*OPINION*

DONNELLY, Judge.

Respondent appeals from an order of the children's court revoking his probation and committing him to the New Mexico Boys' School for a term not to exceed two years. The sole issue asserted by Respondent on appeal is whether the children's court order revoking his probation violated his constitutional rights guaranteeing protection against double jeopardy. We affirm the judgment and disposition of the children's court.

Respondent, while still a juvenile, was charged with the commission of three criminal offenses. On October 20, 1993, the chil-

dren's court dismissed two of the charges and Respondent admitted committing the offense of concealing his identity, contrary to NMSA 1978, Section 30–22–3 (Repl. Pamp.1994). Based upon Respondent's admission of this offense, the children's court ordered that Respondent be placed on probation for a period of two years. Less than twenty-four hours after being placed on probation, Respondent was arrested for possessing alcohol, concealing identity, evading or eluding an officer, and resisting arrest. Respondent was eighteen years old at the time of the commission of the latter offenses, and he was charged in municipal court as an adult. That same day, the children's court's attorney filed a petition to revoke Respondent's prior juvenile probation based on the offenses committed by Respondent after he became an adult. On October 22, 1993, Respondent appeared in municipal court, pled guilty to all of the charges, and was fined. Thereafter, Respondent was transferred to the juvenile detention center. On November 2, 1993, Respondent filed a motion to dismiss the petition for revocation in children's court, and admitted the allegations in the petition to revoke. The children's court denied Respondent's motion to dismiss the probation revocation proceedings and ordered that he be committed to the Children, Youth and Families Department, New Mexico Boys' School, for a term not to exceed two years.

Respondent contends that the children's court erred in denying his motion to dismiss, and argues that he suffered multiple punishments for the same acts in violation of his rights against double jeopardy. Specifically, he asserts that he was punished once for his offenses of possessing alcohol, concealing identity, evading or eluding an officer, and resisting arrest when he was convicted and fined in municipal court. He contends that he was punished a second time for the same offenses by the proceedings in the children's court seeking to revoke his probation. We disagree that the order of the children's court revoking Respondent's probation violated his constitutional protections against double jeopardy.

■ Double jeopardy protects defendants from more than one criminal prosecu-

tion for the same criminal offense. *Swafford v. State,* 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991); *cf. State v. Charlton,* 115 N.M. 35, 39, 846 P.2d 341, 345 (Ct.App.1992) (both the United States Constitution and Article II, Section 15, of the New Mexico Constitution preclude multiple punishments for same offense), *cert. denied,* 114 N.M. 577, 844 P.2d 827 (1993). A probation revocation proceeding is not a new criminal trial to impose new punishment, but instead "is a hearing to determine whether, during the probationary ... period, the defendant has conformed to or breached the course of conduct outlined in the probation ... order." *State v. Sanchez,* 94 N.M. 521, 523, 612 P.2d 1332, 1334 (Ct. App.), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980). The probationer's punishment is imposed when he is sentenced originally, not when his probation is revoked. *State v. Holland,* 78 N.M. 324, 328, 431 P.2d 57, 61 (1967); *State v. Castillo,* 94 N.M. 352, 355, 610 P.2d 756, 759 (Ct.App.), *cert. quashed,* 94 N.M. 675, 615 P.2d 992 (1980). Any new disposition given as the result of revocation relates back to Respondent's original delinquent act and replaces the original disposition. *Castillo,* 94 N.M. at 355, 610 P.2d at 759.

Since probation revocation proceedings are not directed at attempting to punish the original criminal activity but merely reassess whether the probationer may still be considered a good risk, the federal courts have routinely concluded that double jeopardy is not implicated in adult probation revocation proceedings. *United States v. Clark,* 984 F.2d 319, 320–21 (9th Cir.1993) (per curiam); *United States v. Miller,* 797 F.2d 336, 340–41 (6th Cir.1986); *United States v. Whitney,* 649 F.2d 296, 297–98 (5th Cir.1981) (per curiam). State courts in other jurisdictions have similarly concluded, with respect to adult offenders, that any punishment resulting from revocation of a defendant's probation is punishment that relates to the person's original offense, therefore, an individual's subsequent prosecution for the same conduct in a new proceeding does not violate double jeopardy principles. *See Merry v. State,* 752 P.2d 472, 475 (Alaska Ct.App.1988); *Lawrence v. State,* 39 Ark.App. 39, 839 S.W.2d 10, 14–15 (1992) (en banc); *State v. Ryerson,* 20 Conn.App.

572, 570 A.2d 709, 713, *cert. denied,* 214 Conn. 806, 573 A.2d 318 (1990); *Smith v. State,* 171 Ga.App. 279, 319 S.E.2d 113, 117 (1984); *Morris v. State,* 166 Ga.App. 137, 303 S.E.2d 492, 495 (1983); *Ashba v. State,* 580 N.E.2d 244, 245 (Ind.1991), *cert. denied,* 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428 (1992); *Johnson v. State,* 512 N.E.2d 1090, 1091 (Ind.1987); *State v. Quarles,* 13 Kan. App.2d 51, 761 P.2d 317, 320, *review denied,* 244 Kan. 740 (1988); *People v. Johnson,* 191 Mich.App. 222, 477 N.W.2d 426, 429, *appeal denied,* 439 Mich. 858 (1991); *State v. Lange,* 237 Mont. 486, 775 P.2d 213, 215 (1989); *State v. Kelley,* 119 Or.App. 496, 850 P.2d 1170, 1171 (1993) (per curiam); *State v. Chase,* 588 A.2d 120, 122 (R.I.1991); *Manning v. State,* 870 S.W.2d 200, 202–03 (Tex. Ct.App.), *review ref'd* (Tex. Oct. 12, 1994); *State v. Holcomb,* 178 W.Va. 455, 360 S.E.2d 232, 239 (1987).

■ Respondent acknowledges that the foregoing rule has been held applicable to adults; however, he contends that this result is inapplicable to children in New Mexico. He further argues that a juvenile probation revocation is a new adjudicatory proceeding because the sentencing options available for a child's probation are more expansive than those options for adult probation. *See State v. Henry L.,* 109 N.M. 792, 794, 791 P.2d 67, 69 (Ct.App.) (after a probation violation an adult's sentence may not be increased, however, a child's sentence may be increased), *cert. denied,* 109 N.M. 704, 789 P.2d 1271 (1990); *State v. Donaldson,* 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct.App.) (conditions of probation are to deter future misconduct), *cert. denied,* 100 N.M. 53, 665 P.2d 809 (1983). In sum, Respondent argues that the contrast between the requirements for probation revocation proceedings for adults and children indicate that probation revocation for a child is essentially a new delinquency adjudication. In support of this contention, he relies in part upon *State v. Murray,* 81 N.M. 445, 447, 468 P.2d 416, 418 (Ct.App. 1970) (the burden of proof requires only that the violation be established with reasonable certainty), and *State v. Brusenhan,* 78 N.M. 764, 765, 438 P.2d 174, 175 (Ct.App.1968) (a hearing to revoke adult probation may be informal).

We think these distinctions, however, do not alter the material differences between a proceeding to revoke an individual's probation and his trial on new charges, and do not constitute double punishment for the same offense. *See State v. Maricich,* 101 Or.App. 212, 789 P.2d 701, 702 (1990); *cf.* James G. Carr, *The Effect of the Double Jeopardy Clause on Juvenile Proceedings,* 6 U.Tol.L.Rev. 1, 8 (1974) (outlining virtues of using the same analytical framework to examine this issue in both adult and juvenile proceedings). Any disposition resulting from the revocation of Respondent's probation relates back to his original delinquent act and replaces the original disposition. *Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 772–74, 795 P.2d 1223, 1229–30 (1990) (en banc), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991). A revocation hearing is simply an exercise of the trial court's supervision over a defendant during probation and the consequence of revocation is execution of a penalty previously imposed. *See Marutzky v. State,* 514 P.2d 430, 431 (Okla.Crim.App.1973); *see also Lucido,* 272 Cal.Rptr. at 773–74, 795 P.2d at 1229–30 ("Probation revocation hearings and criminal trials serve different public interests. . . .").

These principles have also been applied to revocation of probation in juvenile proceedings. *See Porter v. State,* 43 Ark.App. 110, 861 S.W.2d 122, 123–24 (1993); *In re B.N.D.,* 185 Ga.App. 906, 366 S.E.2d 187, *cert. denied,* 185 Ga.App. 910 (1988). Indeed, the courts have relied on the same rationale that they have used to uphold probation revocations against double jeopardy challenges in adult cases. The Texas courts have, for example, held that revocation of juvenile probation is not a criminal proceeding to impose criminal sanctions, and therefore double jeopardy does not apply. In the case of *In re D.B.,* 594 S.W.2d 207, 210 (Tex.Ct.App.1980), the appellate court rejected a double jeopardy challenge to the revocation of a juvenile's probation when he was convicted of a subsequent burglary saying:

> In this case, the result of the parole revocation hearing is deemed to be neither a conviction nor acquittal, nor is it a pro-

ceeding that can be considered to be a criminal prosecution. Rather, a parole revocation hearing is an administrative determination of whether or not the juvenile had violated the terms and conditions of his parole. The constitutional protection of double jeopardy, therefore, did not attach. This determination is consistent with the guidelines set forth by the United States Supreme Court. Jeopardy attaches whenever the juvenile is subjected to an adjudicatory hearing, the object of which is to determine whether or not he has committed acts that violated a criminal law and the potential consequence of which includes both the stigma inherent in that determination and the deprivation of liberty. *Breed v. Jones*, 421 U.S. 519, 529–531 [95 S.Ct. 1779, 1785–1787, 44 L.Ed.2d 346] (1975). The initial inquiry in a revocation decision involves the factual question of whether or not the parolee has in fact acted in violation of one or more conditions of his parole. See *Morrissey v. Brewer*, 408 U.S. 471, 479 [92 S.Ct. 2593, 2599, 33 L.Ed.2d 484] (1972). This determination should not be equated to a criminal prosecution in any sense.

*Id.; see also* William S. McAninch, *Unfolding the Law of Double Jeopardy*, 44 S.C.L.Rev. 411, 421–22 (1993) (stating that *Breed v. Jones*, which extends double jeopardy to juvenile proceedings, would not apply to revocation of probation "because the revocation is administrative rather than criminal in nature.").

The Arizona Court of Appeals has also rejected an argument similar to that raised here, and held in a juvenile case that the "punishment" relates to the original conviction, not the subsequent charges. *See In re Appeal in Maricopa County Juvenile Action No. J–83341–S*, 119 Ariz. 178, 580 P.2d 10, 13 (App.), *review denied* (Ariz. June 6, 1978). In that case the court noted:

[W]hile a juvenile court adjudication of delinquency places a juvenile in jeopardy so that the child cannot be reprosecuted as an adult in superior court for the same crime, *Breed v. Jones*, 421 U.S. 519 [95 S.Ct. 1779, 44 L.Ed.2d 346] (1975), a juve-

nile's probation violation hearing is an entirely different matter.

A juvenile accused of a probation violation is not placed in jeopardy. Before a juvenile can be placed on probation, there must have already been a prior adjudication of delinquency.

*Id.*

Respondent further contends that because under NMSA 1978, Section 32A–2–24(B) (Repl.Pamp.1993), a probation violation must be proved by the higher standard of beyond a reasonable doubt, this indicates that revocation of probation essentially results in the imposition of an additional punishment. Respondent argues that *Henry L.* supports his claim that revocation of probation is a punishment. In *Henry L.* this Court recognized differences between juvenile and adult probationary conditions and held the definition of probation as release by the court without imprisonment "inapplicable because it refers to adults rather than children, and both the courts and the legislature have recognized distinctions between probationary conditions that are allowable for adults and conditions that are allowable for children." *Henry L.*, 109 N.M. at 794, 791 P.2d at 69. Also, Respondent also points to language in *Henry L.*, which states that "any future punishment (probation revocation) would be for future violations of ... probation." *Id.* at 795, 791 P.2d at 70. He contends that this language rebuts the State's argument that the punishment resulting from probation revocation relates to a child's original offense.

We find Respondent's arguments and analysis unpersuasive. Although we agree certain distinctions exist between proceedings to revoke the probation of a child and those involving adults, the proceedings in the instant case that resulted in the revocation of Respondent's probation did not amount to a new or separate punishment. There are fundamental differences between a new delinquency proceeding and a revocation proceeding. *See* § 32A–2–24(B) (in a revocation proceeding the issue is whether the child violated a term of his probation, not whether he committed a delinquent act). Nor do we believe that the higher standard of proof imposed for juvenile probation revocation

proceedings changes the nature of a juvenile revocation proceeding. *See In re Appeal in Maricopa County, Juvenile Action No. J–72918–S,* 111 Ariz. 135, 137, 524 P.2d 1310, 1312 (1974) (en banc). Although the revocation proceeding is conducted in a manner similar to a delinquency proceeding, the key difference is that no revocation proceeding could take place if there had not been a previous finding of a delinquent act.

Respondent also argues that because no sentence was imposed on him, the disposition following revocation of his probation did not relate back to his original disposition. We disagree. The children's court specifically stated that Respondent's commitment was deferred contingent upon his compliance with the terms of his probation. When a child is placed on probation in New Mexico, all of the possible dispositions that are not imposed are withheld, but only conditionally. *See* § 32A–2–24(B). The child must obey his probation conditions, and, if the child violates them, any of the previously withheld dispositions may be imposed. *Id.* Section 32A–2–24(B) provides: "If a child is found to have violated a term of his probation the court may extend the period of probation or make any other judgment or disposition that would have been appropriate in the original disposition of the case." Accordingly, when a child's probation is revoked, the children's court is merely enforcing its previous sentence and is not imposing a new and separate sentence. *See In re B.N.D.,* 366 S.E.2d at 188. By express legislative provision, the children's court retains jurisdiction to extend the period of probation or to revoke an individual's probation during the period of such probation, even though the person has reached his eighteenth birthday. *See* NMSA 1978, § 32A–2–23(F) (Repl.Pamp.1993); *see also State v. Doe,* 92 N.M. 589, 590, 592 P.2d 189, 190 (Ct.App.1979) (discussing statutory language that grants this authority).

We find that no significant legal reason exists to reach a different result regarding application of the Double Jeopardy Clause to a child from the rule applied in the case of an adult. Accordingly, we affirm the children's

court's denial of Respondent's motion to dismiss the probation revocation proceedings.

IT IS SO ORDERED.

BLACK and FLORES, JJ., concur.