This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38007**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JORGE ALBERTO GASTELUM,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** The sole issue here is whether the doctrine of collateral estoppel embodied in the constitutional guarantee against double jeopardy bars the State from prosecuting the distribution of marijuana charge in this case after a probation violation for possession of marijuana in another case was resolved in Defendant's favor. Defendant Jorge

Gastelum appeals the district court's order denying his motion to dismiss this matter.[1] Concluding the probation violation proceeding did not necessarily or actually determine the same issue presented in the distribution charge in this case, we affirm.

## BACKGROUND

**{2}** The charge in this case, as well as the alleged probation violation in Defendant's other case, arose from a traffic stop and subsequent search of a vehicle in which Defendant was a passenger. During the search, police seized over one pound of marijuana. Defendant was charged in this case with one count of distribution of marijuana or synthetic cannabinoids (NMSA 1978, § 30-31-22 (2011)), and the State filed a petition to revoke his probation in the other case. The petition alleged two violations of the terms of Defendant's probation: (1) that he violated the laws of the State of New Mexico (by distributing marijuana) and (2) that he possessed a controlled substance without a lawful prescription (by possessing marijuana in excess of eight ounces, the amount permitted by Defendant's medical marijuana card).[2]

**{3}** At the probation revocation hearing, the State moved forward only with the second alleged violation, seeking to prove that Defendant possessed more than eight ounces of marijuana. Defendant's probation officer was the sole witness for the State. The probation officer testified that Defendant told her that he "had a pound of marijuana." On cross-examination, the probation officer acknowledged that Defendant's admission was material but that the admission did not appear in her probation violation report. Defendant testified in his defense and denied ever admitting to his probation officer that he had a pound of marijuana. Defendant further denied possessing more than eight ounces of marijuana. The district court took the matter under advisement and issued a written order dismissing the petition to revoke probation. The district court made no findings of fact, concluding merely "[t]hat the evidence presented by the State is insufficient to establish [a] violation of probation conditions by Defendant."

**{4}** Defendant subsequently filed a motion to dismiss the distribution of marijuana charge in this case. He argued that the alleged violation in the probation revocation proceeding was the same as the charge in the case at bar and that the favorable ruling on the probation violation bars the State "from proceeding in the matter herein under the doctrine of [c]ollateral [e]stoppel which is embodied in the [c]onstitutional guarantee against [d]ouble jeopardy." The district court denied the motion, concluding that collateral estoppel does not bar prosecution in this case based largely on the fact that the burden of proof in a probation revocation hearing differs from the burden of proof in a criminal trial. We affirm the district court, but on different grounds.

## DISCUSSION

---

1Defendant filed an application for interlocutory appeal of the district court's order. Because "Defendant has a constitutional right to an immediate appeal from an order denying a motion to dismiss on double jeopardy grounds[,]" we construed Defendant's application as a timely notice of appeal.

2At the time, Defendant was enrolled in the New Mexico Medical Cannabis Program, which allowed him to lawfully possess up to eight ounces of marijuana.

**{5}** Collateral estoppel has long been held to be part of the guarantee against double jeopardy. *See State v. Tijerina*, 1973-NMSC-105, ¶ 5, 86 N.M. 31, 519 P.2d 127 (citing *Ashe v. Swenson*, 397 U.S. 346 (1970)). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* (internal quotation marks and citation omitted). In deciding the applicability of collateral estoppel here, we must look at all relevant matters in the first proceeding and seek to determine whether the fact-finder, in reaching its decision, "necessarily or actually determined the same issues which the [s]tate attempts to raise in the second [proceeding]." *Id.* ¶ 7; *see also State v. Collier*, 2013-NMSC-015, ¶ 24, 301 P.3d 370 (summarizing collateral estoppel inquiry as "determin[ing] whether [the d]efendant's acquittal [at the first trial on the greater offense] necessarily decided all of the issues of ultimate fact that the [s]tate would have to prove in a retrial on the [lesser] offense"). Defendant bears the burden of proving that the issue he claims was foreclosed by the prior proceeding was actually decided adversely to the State. *See State v. Abril*, 2003-NMCA-111, ¶ 25, 134 N.M. 326, 76 P.3d 644, *overruled on other grounds by State v. Torres*, 2012-NMCA-026, 272 P.3d 689, ¶ 38. The State argues, and we agree, that Defendant has failed to meet this burden.[3]

**{6}** In support of the application of collateral estoppel, Defendant argues that the State cannot now prosecute him for distribution of marijuana because the issue of possession—a necessary predicate to distribution—was decided in the probation revocation proceeding. Our review of the record reveals that Defendant's argument is overly broad and does not accurately characterize the issue that the district court decided at the probation hearing. Based on the limited evidence presented at the probation hearing, as well as the distinct elements between the probation violation and the charge in this case, the district court could not have necessarily decided issues of ultimate fact material to the current distribution charge. We explain.

**{7}** As stated, during the probation hearing, the State argued only its second alleged violation. To establish this violation, the State had to prove that Defendant possessed a

---

[3] For purposes of our analysis today, we assume, without deciding, that under appropriate circumstances, a probation revocation dismissal can be given collateral estoppel effect in a later criminal prosecution. *Cf. State v. Bishop*, 1992-NMCA-034, ¶ 7, 113 N.M. 732, 832 P.2d 793 ("assum[ing], without deciding, that under the appropriate circumstances, administrative decisions can be given collateral estoppel effect in a later criminal action" but stating that "the traditional requirements for collateral estoppel must still be satisfied"). We nevertheless express reservation about the applicability of collateral estoppel in this case. First, the collateral estoppel doctrine on which Defendant relies is grounded in the guarantee against double jeopardy, and we previously have determined that double jeopardy is not implicated by a probation revocation proceeding based on the same conduct giving rise to a subsequent criminal prosecution. *See In re Lucio F.T.*, 1994-NMCA-144, ¶¶ 4-5, 119 N.M. 76, 888 P.2d 958. Second, even if a defendant establishes the factual predicate for collateral estoppel, application of that doctrine under the circumstances here raises policy and fairness concerns. *Cf. Bishop*, 1992-NMCA-034, ¶ 10 (noting that the summary nature of license revocation hearings and the lack of incentive on the part of the state to fully litigate revocation issues make such hearings "inappropriate for the application of collateral estoppel" to subsequent criminal proceedings). We, however, need not decide whether a probation revocation dismissal may ever be given collateral estoppel effect in a later criminal action because, even if available to Defendant in this context, the requirements of collateral estoppel have not been met in this case.

controlled substance without a lawful prescription. It was uncontested that Defendant was permitted to lawfully possess up to eight ounces of marijuana. Thus, if Defendant were found to possess eight ounces or less of marijuana, such a finding could not have formed the basis for the probation violation. The sole ultimate fact at issue in the probation revocation proceeding, therefore, was whether Defendant possessed more than eight ounces of marijuana. This is the only fact argued and the only fact that could have been resolved by the district court's conclusion that there was insufficient evidence "to establish [a] violation of probation conditions by Defendant." Simply put, the district court's dismissal of the petition to revoke probation amounted, at most, to a finding that Defendant did not possess more than eight ounces of marijuana—it did not determine, as Defendant suggests, that Defendant possessed no marijuana. *See Tijerina*, 1973-NMSC-105, ¶¶ 9-12, 18 (reviewing the evidence to determine what the fact-finder in the first proceeding necessarily or actually determined).

**{8}** Comparing the sole finding by the district court with the elements of distribution of marijuana, we determine no preclusive effect on the current case. *See Collier*, 2013-NMSC-015, ¶ 25 (comparing elements between offenses to determine applicability of collateral estoppel); *Tijerina*, 1973-NMSC-105, ¶ 8 (same). In the current case, the State's criminal information charges that "[D]efendant knowingly transferred, caused the transfer, attempted to transfer or possessed with the intent to transfer marijuana or synthetic cannabinoids," in violation of Section 30-31-22. As the State argues, and we agree, even a small amount of marijuana may form the basis of a distribution charge. *See* § 30-31-22(A), (E) (providing that the first offense for distribution of even a small amount of marijuana for remuneration is a fourth-degree felony). Thus, the district court's prior determination that there was insufficient evidence to conclude Defendant possessed more than eight ounces of marijuana did not necessarily or actually determine the possession element of the distribution charge, let alone the transfer or intent to transfer element. Defendant having failed to meet his burden of proving that the issue he claims was foreclosed by the prior proceeding was actually decided adversely to the State, we conclude that the collateral estoppel aspect of double jeopardy does not preclude the State from prosecuting Defendant in this case.

**CONCLUSION**

**{9}** We affirm the district court's denial of Defendant's motion to dismiss.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**