783 N.W.2d 783 (2010)
280 Neb. 137
In re INTEREST OF REBECCA B., a child under 18 years of age.
State of Nebraska, appellant,
v.
Rebecca B., appellee.
No. S-09-1041.
Supreme Court of Nebraska.
June 25, 2010.
*785 Joseph M. Smith, Madison County Attorney, and Gail E. Collins for appellant.
Melissa A. Wentling, Madison County Public Defender, and Sharon E. Joseph for appellee.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Rebecca B. was adjudicated under the Nebraska Juvenile Code[1] and placed on *786 probation by the county court for Madison County, sitting as a juvenile court, and ordered to complete a court-supervised juvenile drug treatment program. After Rebecca failed two chemical tests, the court ordered Rebecca to serve two periods of detention at a detention center. Neither Rebecca nor the State objected to or appealed from the drug court orders, and Rebecca served the detentions. Then, the State filed a motion to revoke Rebecca's probation based on the same test results for which she had been detained. The juvenile court dismissed the motion to revoke probation, and the State appealed to the Nebraska Court of Appeals rather than the district court.
The primary issue presented here is jurisdictional. Ordinarily, any final order entered by a juvenile court may be appealed to the Court of Appeals in the same manner as an appeal from the district court.[2] But when a county attorney files an appeal "in any case determining delinquency issues in which the juvenile has been placed legally in jeopardy," the appeal must be taken by exception proceedings to the district court pursuant to Neb.Rev.Stat. §§ 29-2317 to 29-2319 (Reissue 2008).[3] Therefore, we consider whether the revocation proceedings constitute a situation where the juvenile has been placed legally in jeopardy.

BACKGROUND
On January 29, 2009, the Madison County Court, sitting as a juvenile court, adjudicated Rebecca to be a juvenile within § 43-247(1) and (3)(b). Following a dispositional hearing on March 23, the juvenile court placed Rebecca on supervised probation for a period of 1 year. As a condition of her probation, Rebecca was ordered to attend and successfully complete the "Northeast Nebraska Juvenile Treatment program," a court-supervised program also known as the juvenile drug treatment court. The juvenile drug treatment court is an approved drug court program created pursuant to Neb. Ct. R. § 6-1201 et seq., we will refer to it as the "drug court" in order to distinguish between the parallel proceedings that took place.
On May 5, 2009, the drug court conducted a hearing concerning allegations that Rebecca had used marijuana. The drug court found that Rebecca had failed a drug test and, as a "sanction," ordered her incarcerated at a juvenile detention center (JDC) for 2 days. On May 8, Rebecca reported to the JDC and served her 2-day detention. Neither Rebecca nor the State objected to or appealed the drug court order. On May 26, the drug court conducted another hearing concerning allegations that Rebecca had used alcohol. The drug court found that Rebecca had failed a drug and alcohol test. As a sanction, the drug court ordered Rebecca detained at the JDC for 1 day. Rebecca reported to the JDC on May 29 and served her detention as ordered. Again, neither Rebecca nor the State objected to or appealed the drug court order; thus, we do not opine on the appropriateness of the detention orders.[4]
The State also filed a motion to revoke probation, alleging that Rebecca violated her probation by using marijuana on April 21, 2009, and alcohol between May 1 and 12. Rebecca moved for dismissal of the State's amended motion to revoke probation or, in the alternative, an absolute discharge of the underlying case. After a hearing, the juvenile court dismissed the motion for revocation of probation and overruled the motion for absolute discharge. In its order, the court found that *787 Rebecca's "detention(s) have been served as sanctions for the same violations the State alleges in its Motion to Revoke Probation."
The State appealed to the Court of Appeals. We moved the appeal to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[5]

ASSIGNMENT OF ERROR
The State assigns that the juvenile court erred in concluding that the motion to revoke probation should be dismissed.

STANDARD OF REVIEW
An appellate court determines jurisdictional issues not involving factual disputes as a matter of law, which requires the appellate court to reach independent conclusions.[6]

ANALYSIS
The State argues that the juvenile court lacked jurisdiction to sanction Rebecca in the drug court proceedings[7]; therefore, the State argues that because the earlier sanctions were unlawfully imposed, the juvenile court erred in relying on them in refusing to sanction Rebecca in the probation revocation proceeding. Rebecca argues, on the other hand, that she actually was deprived of her liberty and that doing so again would violate the Double Jeopardy Clause.
But before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues.[8] At issue in this case is § 43-2,106.01, which governs appellate jurisdiction for juvenile courts.[9] We note that § 43-2,106.01 has been amended effective July 15, 2010,[10] but the amendment does not affect our analysis in this opinion.
Section 43-2,106.01(1) provides that a final order or judgment "entered by a juvenile court may be appealed to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals." And § 43-2,106.01(2) provides that an appeal may be taken by a county attorney, "except that in any case determining delinquency issues in which the juvenile has been placed legally in jeopardy, an appeal of such issues may only be taken by exception proceedings pursuant to sections 29-2317 to 29-2319."
As is clear from § 43-2,106.01(1), most cases arising under that statute are governed by Neb.Rev.Stat. § 25-1912 (Reissue 2008), which sets forth the requirements for appealing district court decisions.[11] But the plain language of § 43-2,106.01(2)(d) carves out an exception for delinquency cases in which jeopardy has attached. In such cases, the county attorney is limited to taking exception pursuant to the procedures of §§ 29-2317 to 29-2319. Sections 29-2317 to 29-2319 outline exception proceedings, which allow prosecuting attorneys to "take exception to any ruling or decision of the county court ... by presenting to the court a notice of intent to take an appeal to the district court."[12] Section 29-2317 requires exception to a county court judgment to be taken to the *788 district court sitting as an appellate court. Specifically, the prosecuting attorney is to file a notice of appeal in the county court, then file the notice in the district court within 30 days.
Here, after the Madison County Court, sitting as a juvenile court, filed its order dismissing the motion to revoke probation, the State filed notice of its intent to appeal the juvenile court's order. The State chose to file the appeal, however, not with the district court, but with the Court of Appeals, and we then moved the appeal to our docket. Rebecca argues that we lack jurisdiction over this appeal, because pursuant to § 43-2,106.01(2)(d), the State should have appealed the juvenile court judgment to the district court sitting as an appellate court. Specifically, Rebecca contends that the State was required to appeal to the district court because she was placed "legally in jeopardy," as that phrase is used in § 43-2,106.01(2)(d).
In order to determine whether Rebecca was placed legally in jeopardy in this context, we begin by setting forth the basic propositions of law regarding double jeopardy. The Double Jeopardy Clauses of both the federal and the Nebraska Constitutions protect an individual against a second prosecution for the same offense after an acquittal or conviction.[13] Specifically, the Double Jeopardy Clauses of both the federal and the Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[14]
But, the Double Jeopardy Clause generally is not violated by a reconsideration or revocation of probation.[15] And a motion to revoke probation is not a criminal proceeding.[16] A probation revocation hearing is considered a continuation of the original prosecution for which probation was imposedin which the purpose is to determine whether a defendant or a juvenile has breached a condition of his existing probation, not to convict or adjudicate that individual of a new offense.[17]
We have stated that a probation revocation hearing usually involves a limited inquiry by the trial judge, focusing on whether the defendant or juvenile has been convicted or adjudicated for another offense or failed to comply with a specific condition of probation.[18] It is well established that a probation revocation hearing is not part of a criminal prosecution or adjudication and therefore does not give rise to the full panoply of rights that are due a defendant at a trial or a juvenile in an adjudication proceeding.[19] Furthermore, violation of probation is not itself a crime or offense; the statute provides a mechanism whereby the previous probation is revoked and the court may impose a new sentence for the offense for which the offender was originally convicted or adjudicated.[20]
*789 Because probation revocation proceedings are not directed at attempting to punish the activity that was alleged to violate the terms of probation, but merely reassess whether the probationer may still be considered a risk, the federal courts have routinely concluded that double jeopardy is not implicated in adult probation revocation proceedings.[21] State courts in other jurisdictions have similarly concluded, with respect to adult offenders, that any punishment resulting from revocation of a defendant's probation is punishment that relates to the person's original offense; therefore, an individual's prosecution for the same conduct in a different proceeding does not violate double jeopardy principles.[22] And those principles also apply to revocation of probation in juvenile proceedings.[23] Simply stated, it is black letter law that double jeopardy is not implicated by probation revocation proceedings.[24]
In other words, double jeopardy is not implicated in probation revocation proceedings because the proceedings are a continuation of the original underlying conviction or adjudication. The jeopardy that is attached is the jeopardy that attached in the underlying prosecution or adjudication. Obviously, those principles would have implications for the merits of Rebecca's double jeopardy argument, potentially in another proceeding. But in this case, their jurisdictional implications come first. Application of § 43-2,106.01(2)(d) turns on whether the juvenile has been placed in jeopardy by the juvenile court, not by whether the Double Jeopardy Clause bars further action.[25] And here, Rebecca was placed legally in jeopardy within the meaning of § 43-2,106.01(2)(d) when she was originally adjudicated on January 29, 2009, when the court accepted her guilty plea.[26]
Rebecca's revocation hearing was a continuation of her original adjudication where jeopardy attached, and therefore, Rebecca was and continued to be legally in jeopardy. And because Rebecca was placed legally in jeopardy within the meaning of § 43-2,106.01(2)(d), the State was required to take an exception proceeding to the district court according to the procedures outlined in § 29-2317. It did not do so, and therefore, we lack jurisdiction over the merits of its appeal.

CONCLUSION
The plain language of § 43-2,106.01(2)(d) requires the State to file its exception proceeding according to §§ 29-2317 to 29-2319. Because the State failed to comply with the statutory procedures outlined in § 29-2317, as incorporated by § 43-2,106.01, we lack jurisdiction to consider the State's exception. Because this case is not properly before this court, we *790 dismiss the exception proceeding for lack of jurisdiction.
EXCEPTION DISMISSED.
HEAVICAN, C.J., not participating.
NOTES
[1] See Neb.Rev.Stat. §§ 43-245 to 43-2,129 (Reissue 2008 & Supp.2009).
[2] § 43-2,106.01(1).
[3] § 43-2,106.01(2)(d).
[4] But see In re Interest of Dakota M., 279 Neb. 802, 781 N.W.2d 612 (2010).
[5] Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[6] In re Interest of Sean H., 271 Neb. 395, 711 N.W.2d 879 (2006).
[7] See In re Interest of Dakota M., supra note 4.
[8] Myers v. Nebraska Invest. Council, 272 Neb. 669, 724 N.W.2d 776 (2006).
[9] See In re Interest of Jedidiah P., 267 Neb. 258, 673 N.W.2d 553 (2004).
[10] See, 2010 Neb. Laws, L.B. 800, § 25; Neb. Const. art. III, § 27.
[11] In re Interest of Sean H., supra note 6.
[12] § 29-2317(1).
[13] See State v. Williams, 278 Neb. 841, 774 N.W.2d 384 (2009).
[14] State v. Huff, 279 Neb. 68, 776 N.W.2d 498 (2009).
[15] United States v. Clark, 741 F.2d 699 (5th Cir.1984).
[16] State v. Schreiner, 276 Neb. 393, 754 N.W.2d 742 (2008).
[17] See State v. Bourdeau, 448 A.2d 1247 (R.I. 1982).
[18] See State v. Hernandez, 273 Neb. 456, 730 N.W.2d 96 (2007).
[19] See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
[20] See, Neb.Rev.Stat. § 29-2268(1) (Reissue 2008); State v. Wragge, 246 Neb. 864, 524 N.W.2d 54 (1994).
[21] See, Clark, supra note 15; United States v. Miller, 797 F.2d 336 (6th Cir. 1986); United States v. Whitney, 649 F.2d 296 (5th Cir. 1981).
[22] See, Ashba v. State, 580 N.E.2d 244 (Ind. 1991); State v. Chase, 588 A.2d 120 (R.I. 1991), overruled on other grounds, State v. Gautier, 871 A.2d 347 (R.I.2005); State v. Lange, 237 Mont. 486, 775 P.2d 213 (1989); State v. Holcomb, 178 W.Va. 455, 360 S.E.2d 232 (1987).
[23] See, Matter of Lucio F.T., 119 N.M. 76, 888 P.2d 958 (N.M.App.1994); Porter v. State, 43 Ark.App. 110, 861 S.W.2d 122 (1993); In the Interest of B.N.D., 185 Ga.App. 906, 366 S.E.2d 187 (1988).
[24] See, Gautier, supra note 22; Hardy v. U.S., 578 A.2d 178 (D.C.1990).
[25] See, State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008); State v. Vasquez, 271 Neb. 906, 716 N.W.2d 443 (2006).
[26] See State v. Figeroa, 278 Neb. 98, 767 N.W.2d 775 (2009).