IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. STEWART


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JUSTIN D. STEWART, APPELLANT.


Filed August 25, 2020.    Nos. A-19-1199, A-19-1200.


Appeals from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed in part, and in part vacated.

Leslie E. Remus, of Brock Law Offices, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


PIRTLE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

In March 2018, the Gage County District Court entered an order sentencing Justin D. Stewart to 18 months' probation for his attempted possession of methamphetamine conviction. Stewart was also ordered to pay fines for two infraction convictions. In November 2019, the district court entered an order revoking Stewart's probation and resentencing him on the corresponding conviction to 12 months' imprisonment. The court again set forth the fines for Stewart's other two infraction convictions. Simultaneously, in a separate criminal case, Stewart was sentenced to 12 to 18 years' imprisonment based on his guilty plea to attempted possession of methamphetamine with intent to distribute. The sentences in both criminal cases were to run concurrently with one another.

- 1 -

Stewart appeals from the final orders in each case, and the appeals filed in cases Nos. A-19-1199 and A-19-1200 have been consolidated for disposition in this court. We affirm in part, and in part vacate.

BACKGROUND

PRELIMINARY PROCEDURAL HISTORY
OF CASE NO. A-19-1199

In October 2017, the State filed an information in the Gage County District Court (case No. CR 17-187), charging Stewart with possession of methamphetamine, possession of marijuana (1 ounce or less), and possession of drug paraphernalia. Stewart initially pled not guilty to all three counts.

During a hearing on December 21, 2017, each party indicated that they had reached a plea agreement. The district court granted the State's request for leave to file an amended information; the State did so that same day. The amended information charged Stewart with attempted possession of methamphetamine, possession of marijuana (1 ounce or less), and possession of drug paraphernalia. Pursuant to the plea agreement, Stewart pled guilty to all three counts. The State provided a factual basis, alleging as follows. On September 15, while making contact with Stewart in Gage County, Nebraska, Sergeant Brian Carver of the Beatrice Police Department learned that there was an outstanding warrant for Stewart's arrest. A search of Stewart's person subsequent to his arrest revealed: two glass pipes, one of which was identified as being used for smoking methamphetamine; a white, crystal-like substance that field-tested positive for methamphetamine and later was confirmed as such through forensic testing; and a green, leafy substance that was identified as marijuana. After the factual basis was stated on the record, the district court accepted Stewart's pleas and found him guilty beyond a reasonable doubt of each count of the amended information.

Following a sentencing hearing in March 2018, Stewart was sentenced to 18 months' probation on his attempted possession of methamphetamine conviction. He was sentenced to pay a $300 fine on his possession of marijuana conviction and a $100 fine on his possession of drug paraphernalia conviction.

As part of his probation sentence, Stewart was to serve two waivable 15-day confinements in the Gage County jail, one such period to begin on September 5, 2018, and the other to begin on March 5, 2019. In September 2018, the district court waived Stewart's first-ordered 15-day confinement on grounds that he was at the time incarcerated in the Saunders County jail in Saunders County, Nebraska. However, in March 2019, the district court issued a bench warrant for Stewart's arrest after finding that Stewart failed to report to the Gage County jail for confinement on March 5. The record indicates that Stewart began serving the second-ordered 15-day confinement later that month.

In May 2019, the State sought to revoke Stewart's probation. On August 30, the State filed an amended affidavit and motion for revocation of Stewart's probation. The State alleged that on or about May 18, Stewart had been arrested and lodged at the Gage County jail on charges of possession of drug paraphernalia and possession of methamphetamine with intent to deliver; that on August 5, Stewart had been charged with three counts of violating a protection order out of

Dodge County, Nebraska, for an offense that occurred on July 20; and that on July 30, Stewart had been arrested by a Gage County sheriff for driving during revocation, for which Stewart pled guilty and was sentenced to 10 days' jail beginning on August 22. The State asserted that Stewart had failed to report to his probation officer for scheduled meetings on April 24 and May 14 and that Stewart had failed to report for drug and alcohol testing on numerous days throughout 2018 and 2019.

PRELIMINARY PROCEDURAL HISTORY
OF CASE NO. A-19-1200

In July 2019, the State charged Stewart by information in a separate criminal case filed in the Gage County District Court (case No. CR 19-119) with possession of methamphetamine with intent to distribute and possession of drug paraphernalia. Stewart initially pled not guilty to each count. On August 27, the State filed an amended information, only charging Stewart with attempted possession of methamphetamine with intent to distribute. The State alleged that Stewart committed that offense on or about May 18.

SHARED PROCEDURAL HISTORIES OF CASES
NOS. A-19-1199 AND A-19-1200

During a hearing on September 4, 2019, the parties informed the district court of a plea agreement they had reached that encompassed the pending matters in cases Nos. A-19-1199 and A-19-1200. As part of the plea agreement, Stewart was expected to enter a guilty plea to the amended charge in case No. A-19-1200 and to admit the alleged probation violations under case No. A-19-1199. The State's amended affidavit and motion for revocation of Stewart's probation in case No. A-19-1199 was addressed first during the hearing. Stewart admitted he had violated the terms of his probation as alleged. The State provided a factual basis on the matter which generally matched the allegations it had set forth in its motion. Thereafter, the district court accepted Stewart's admissions and found by clear and convincing evidence that Stewart had violated the terms of his probation.

The hearing then turned to the pending matter in case No. A-19-1200. Stewart entered a guilty plea to the amended charge filed in that case, attempted possession of methamphetamine with intent to distribute. As its factual basis for that count, the State said:

> [Officer Derek Hosek] would testify that on May 18th, 2019, at approximately [6:30 p.m.], Beatrice officers were investigating a verbal argument [in] which [Stewart] was involved. Officer Hosek was aware of an active arrest warrant out of Dodge County for Stewart and learned he possibly could be staying with his mother. [The officer] proceeded to [Stewart's] mother's residence [in] Gage County.
>
> [Upon arrival, Officer Hosek] conducted a search of [Stewart's] person pursuant to an arrest warrant. [The officer] observed a white baggie of crystalized substance in his right front pocket weighing .6 grams. A continued search revealed a small black leather Marlboro bag containing methamphetamine later weighing 1.2 grams in a small soft cylinder cage, which contained a methamphetamine smoking pipe with residue and a third larger Ziploc baggie of suspected methamphetamine weighing .8 grams.

Based on [the officer's] training and experience, with these weights, numbers of baggies and location of the baggies were consistent with attempts to distribute narcotics. Stewart advised he was not distributing methamphetamine. He usually smokes approximately 1 gram of methamphetamine per day. Stewart also advised he smoked a small amount of the methamphetamine prior to his arrest, all -- which are consistent with the .8 grams located near the pipe and suggesting he smoked approximately one gram of methamphetamine resulting in .8 grams.

At the jail, Stewart was read his Miranda [rights] and provided consent to search his cell phone. . . .

Officer Hosek observed messages between Stewart and another male where an agreement for methamphetamine was arranged where Stewart would obtain methamphetamine from Lincoln, Nebraska, and meet the male at [a gas station] in [Gage County]. [Stewart] confirmed these messages to be true. All these events occurred in Gage County[.] The suspected methamphetamine was sent into the Nebraska State Patrol Crime laboratory in Lincoln . . . where the items seized were tested by a forensic scientist[.] They were tested -- the offense date was May 18 of 2019 and the date received was June 4th of 2019.

The evidence was one sealed envelope containing one sealed plastic self-sealed bag containing A through C and three plastic self-sealed bags containing a white crystalized substance. The date range was July 12th, 2019 to July 16th[.]

Items 1A, 1B and 1C were confirmed methamphetamine, Schedule II, total net weight 1.5979 grams[.]

The district court accepted Stewart's plea and found him guilty beyond a reasonable doubt of attempted possession of methamphetamine with intent to distribute in case No. A-19-1200.

On November 20, 2019, a hearing took place for a disposition in case No. A-19-1199 and sentencing in case No. A-19-1200. Later that same day, the district court entered an order in each case. In case No. A-19-1199, the district court revoked Stewart's probation, which was his original sentence for his attempted possession of methamphetamine conviction. Stewart was resentenced on that conviction to 12 months' imprisonment, with credit for 49 days' time served. Further, the district court again sentenced Stewart on the other two convictions in A-19-1199, ordering Stewart to pay a $300 fine for his possession of marijuana conviction and a $100 fine for his possession of drug paraphernalia conviction. In case No. A-19-1200, Stewart was sentenced on his attempted possession of methamphetamine with intent to distribute conviction to 12 to 18 years' imprisonment, with credit for 163 days' time served. The sentences in each case were to run concurrently with one another.

Stewart appeals from each November 20, 2019, order. The two appeals are consolidated for disposition in this court.

ASSIGNMENTS OF ERROR

In case No. A-19-1199, Stewart claims, reordered and restated, that the district court erred by (1) resentencing him on his possession of marijuana and possession of drug paraphernalia

convictions in violation of his constitutional protection against double jeopardy and (2) imposing an excessive sentence.

In case No. A-19-1200, Stewart claims that the district court erred by imposing an excessive sentence.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

ANALYSIS

DOUBLE JEOPARDY

Regarding case No. A-19-1199, Stewart claims that the district court erred when it resentenced him on his possession of marijuana and possession of drug paraphernalia convictions. As stated previously, in March 2018, Stewart was originally sentenced to pay fines for those infraction convictions. Then, in November 2019, the district court restated those fines for those same convictions, thus appearing to enter new sentences. On appeal, Stewart argues that such resentencing subjected him to double jeopardy.

The State acknowledges that "any attempt by the district court on November 20, 2019, to resentence Stewart on Counts 2 and 3, assuming that was the district court's intention, was of no effect and the original sentences remain intact." Brief for appellee at 18. We agree that it does not appear the district court intended to impose new or additional sentences on the infraction convictions, but any possible ambiguity in that regard must be addressed.

The Double Jeopardy Clauses of the state and federal Constitutions protect against multiple punishments for the same offense. See *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011). It is undisputed that the probation revocation proceedings in case No. A-19-1199 solely related to Stewart's 2018 probation sentence for his attempted possession of methamphetamine conviction, and double jeopardy was not implicated in relation to that conviction. A probation revocation hearing is considered a continuation of the original prosecution for which probation was imposed--in which the purpose is to determine whether a defendant has breached a condition of his or her existing probation, not to convict that individual of a new offense. *In re Interest of Rebecca B.*, 280 Neb. 137, 783 N.W.2d 783 (2010). Violation of probation is not itself a crime or offense, and the court may impose a new sentence for the offense for which the offender was originally convicted. *Id*. Double jeopardy is not implicated in probation revocation proceedings because the proceedings are a continuation of the original underlying conviction. *State v. Schuetz*, 18 Neb. App. 658, 790 N.W.2d 726 (2010).

However, Stewart's sentences for his convictions of possession of marijuana and possession of drug paraphernalia were for separate convictions. Thus, to the extent the district court's restating of the original sentences can be viewed as new sentences imposing additional punishments for the same offenses, such sentences violate double jeopardy principles. Left uncorrected, the error would be a violation of Stewart's fundamental rights and damage the integrity, reputation, and fairness of the judicial process. See *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020). Accordingly, as to the district court's order dated November 20, 2019, in case

- 5 -

No. A-19-1199, we vacate Stewart's sentence on his possession of marijuana conviction and his sentence on his possession of drug paraphernalia conviction, thus leaving intact the original sentences for those convictions.

EXCESSIVE SENTENCES

In both cases on appeal, Stewart contends the district court erred by imposing excessive sentences. To the extent that he wishes to challenge his original sentences for his possession of marijuana and possession of drug paraphernalia convictions in case No. A-19-1199, the time has long passed to file a direct appeal from those sentences ordered in March 2018. And as just discussed, we have vacated Stewart's new sentences imposed in 2019 on those same convictions. We therefore limit our review of Stewart's excessive sentence claim in case No. A-19-1199 to his new sentence for his conviction of attempted possession of methamphetamine. And because it presents an identical legal issue and largely involves the same relevant facts, we jointly consider his excessive sentence claim in case No. A-19-1200, which relates to his sentence for his conviction of attempted possession of methamphetamine with intent to distribute.

Regarding case No. A-19-1199, Stewart's conviction for attempted possession of methamphetamine was a violation of Neb. Rev. Stat. §§ 28-201(1) and 28-416(3) (Supp. 2017). See, also, Neb. Rev. Stat. § 28-405(c)(3) [Schedule II] (Supp. 2017). Attempted possession of methamphetamine is a Class I misdemeanor. See, § 28-201(4)(e); § 28-416(3). Under Neb. Rev. Stat. § 28-106(1) (Reissue 2016), a Class I misdemeanor is punishable by up to 1 year of imprisonment, a $1,000 fine, or both; there is no mandatory minimum sentence. Stewart was resentenced on his attempted possession of methamphetamine conviction to 1 year of imprisonment, with credit for 49 days' time served. It was to run concurrently with the sentence imposed on him in case No. A-19-1200.

In case No. A-19-1200, Stewart was convicted of attempted possession of methamphetamine with intent to distribute in violation of Neb. Rev. Stat. §§ 28-201(1) and 28-416(1)(a) (Cum. Supp. 2018). See, also, Neb. Rev. Stat. § 28-405(c)(3) [Schedule II] (Cum. Supp. 2018). Attempted possession of methamphetamine with intent to distribute is a Class IIA felony. See §§ 28-201(4)(b) and 28-416(2)(a). See, also, Neb. Rev. Stat. § 28-401(28)(h) (Cum. Supp. 2018). Under Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2018), a Class IIA felony is punishable by up to 20 years' imprisonment; there is no mandatory minimum sentence. Stewart was sentenced on his attempted possession of methamphetamine with intent to distribute conviction to 12 to 18 years' imprisonment, with credit for 163 days' time served. It was to run concurrently with the sentence imposed on him in case No. A-19-1199.

Stewart's sentences are within the statutory limits and will not be disturbed absent an abuse of discretion by the district court. See *State v. Garcia, supra*.

When imposing a sentence, the sentencing court customarily considers and applies the following relevant factors: the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*.

- 6 -

The presentence investigation report (PSR) shows that Stewart was 40 years old at the time of disposition and sentencing. Stewart's highest level of education completed was high school. He has been employed with various companies in the past. He has been charged with "numerous" protection order violations in connection with actions made toward his former wife. He has five children out of relationships with three different women.

As an adult, between 1996 and 2019, Stewart has been convicted of over 90 offenses, including felonies for second degree forgery (five counts), attempted burglary, and burglary. Stewart also has prior convictions for second degree forgery (7 counts; misdemeanors), attempted second degree forgery, shoplifting (5 counts), issuance of a bad check (over 30 counts) and attempt to issue a bad check, possession of marijuana (1 ounce or less) (4 counts, including the count under case No. A-19-1199), possession or use of drug paraphernalia (4 counts, including the count under case No. A-19-1199), driving under suspension or during revocation (6 counts), criminal mischief, disorderly conduct (3 counts), and misdemeanor violation of a protection order. The PSR also notes a case out of Dodge County regarding an incident that occurred on July 20, 2019, from which Stewart was charged with three felony counts of violating a protection order.

Stewart has been sentenced to numerous terms of incarceration in the past; two terms of incarceration were served in the Nebraska Department of Corrections. Besides the probation sentence ordered in case No. A-19-1199, Stewart has been sentenced to probation three other times as an adult in the past; he was unsatisfactorily released from one of his past probation terms and his other probation terms were revoked. Regarding Stewart's probation ordered in case No. A-19-1199, Stewart did not comply with any of the terms of his probation order. He did not submit to any drug or alcohol tests and did not complete any of the requirements of probation, including attending substance abuse treatment, money management, cognitive group programming, or paying fines and fees. Stewart absconded from supervision and failed to report to the probation office as directed. During his presentence interview, Stewart said he was willing to comply with the terms of probation but needed to be ordered to do so. However, as the PSR points out, Stewart was in fact previously ordered to comply with the terms of probation, yet "failed to do so in all aspects."

Stewart's history of using marijuana and methamphetamine is detailed in the PSR. He first used methamphetamine as a teenager for a couple of months and then quit until 2017, when he separated from his wife. At that point, Stewart started using methamphetamine "every day, which ha[d] continued unless he was incarcerated." He previously attended an intensive outpatient program but did not finish it. He completed two substance abuse unit programs while incarcerated. In May 2019, he completed a substance abuse evaluation, which recommended residential treatment. He was released from the Gage County jail to enter treatment as part of his bond but was ordered to return to jail as soon as he was discharged from that treatment facility. He was released from jail on July 2 and a warrant was issued on July 26 because Stewart left treatment and did not return to jail. A discharge summary from the treatment facility, amended as an attachment to the PSR, shows that Stewart was at the facility from July 8 to July 12, when he "walked out" because he became "angry." At that time, his prognosis was "poor due to little time spent focusing on himself and his recovery." As noted in the PSR, on a Simple Screening Instrument, Stewart's score indicates that he has a moderate to high risk of chemical abuse. On a

Substance Abuse Questionnaire, Stewart scored in the maximum risk range as to drugs, antisocial, stress coping; problem risk range as to violence and aggressiveness; and medium risk range for alcohol.

On a Level of Service/Case Management Inventory, Stewart scored very high risk/need in the domains of companions, procriminal attitude/orientation, and antisocial pattern; high risk/need in the domains of criminal history, education/employment, leisure/recreation, and alcohol/drug problem; and medium risk/need in the domain of family/marital history. Overall, Stewart was assessed as having a very high risk to reoffend. The probation officer who conducted Stewart's presentence investigation concluded that Stewart lacked accountability for his actions in the matter of case No. A-19-1200 and other matters and opined that he did not appear to be a fit candidate for probation.

The PSR contains Stewart's statement to the district court. Stewart said he accepted responsibility for his actions. He recalled that in June 2017, his life took a "drastic change" when he separated from his wife. He "resorted to drugs" to "cover" his feelings and "take the pain away," resulting in an addiction. He understood that he had violated his probation on his attempted possession of methamphetamine conviction; regarding that topic, he wrote, "my drug addiction and need to please my ex-wife took control of who I am and was." He noted that the district court had allowed him to attend treatment in July 2019, but stated that "yet again my need to please my ex-wife[--]I allowed her to cloud my thoughts and I left treatment." He sought a sentence of a term of probation to include treatment and other conditions to end his drug addiction.

During the disposition and sentencing hearing, Stewart's counsel argued that no serious harm had occurred in this case and that there had been no act or threat of violence either. Defense counsel argued about how Stewart's criminal history was linked to his "issue" with his former wife and his illegal drug use to "self-medicat[e]." He discussed how Stewart was aware of his "problem" and wanted to "turn his life around." Counsel asked that Stewart be sentenced to a term of probation or, alternatively, to have his sentences run concurrently.

Stewart personally told the district court that he took "full" responsibility for what he had done. He indicated he was "heartbroken" about the way his drug addiction had led him to miss family events. He wanted to live a "proper" life. He acknowledged that according to the PSR he was "maybe" not a fit candidate for probation because he had a "troubled past" or did not grow up "properly." However, he indicated that his feelings toward probation had changed. He requested an "extensive" probation sentence and pledged to surround himself with people who wanted the best for him. He added that he and his former wife had problems which he felt "fe[d]" into his drug problem. He said it was not an "excuse" but was "just what happened."

The district court stated it had received and reviewed the PSR. It noted Stewart's age and the amount of arrests on his record as well as the amount of times he had been previously incarcerated. Specific to case No. A-19-1199, Stewart had four law violations while on probation; the court remarked that Stewart was "giving it half the effort, maybe." The court agreed with Stewart that he had a drug problem but found that Stewart had "plenty of opportunity to fix it" in the past and, meanwhile, continued to "place blame on others." The court noted Stewart's lack of compliance with any terms of his probation ordered in case No. A-19-1199. The court believed that an extension of that term of probation would be an extension of time to "blow" the court and

probation "off." Regarding case No. A-19-1199, the court specifically found that Stewart was not a suitable candidate for probation. After orally pronouncing Stewart's disposition in that case and orally pronouncing his sentence in case No. A-19-1200, the court told Stewart, "I think judges have told you for a long time that this day was coming. It has come."

With respect to his sentences at issue in each case on appeal, Stewart asserts that the district court failed to consider his background, his motivation for the offenses, and the lack of violence involved in the commission of the offenses. The record does not support Stewart's assertion. As the State correctly points out, the district court specifically discussed Stewart's addiction problem, which was relevant to the nature of the offenses at issue, most likely was a motivating factor behind his offenses, and appears to have been a significant part of his background.

Stewart concedes that he has a "lengthy criminal history" but argues that he was "simply a product of the system." Brief for appellant in case No. A-19-1199 at 10; brief for appellant in case No. A-19-1200 at 10. He points out certain information that was noted in the PSR about his difficult upbringing, his illegal drug usage and methamphetamine addiction, and his prior marriage that was "far from happy." *Id.* He acknowledges that he has had several protection orders filed against him, but he argues that he was never convicted of any violent offenses. He seems to assume that the district court did not consider the information which he notes in his appellate briefs because he believes the district court focused "solely" on his criminal history during the sentencing hearing. *Id.* However, the Nebraska Supreme Court has rejected the notion that a court does not adequately consider sentencing factors when it does not discuss each one of them during the sentencing hearing or in its sentencing order. See *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). The district court said it had reviewed the PSR. The PSR covered all the information emphasized by Stewart, as well as other information relevant to the sentencing factors listed in *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

Further, Stewart notes that his sentences are "much higher" than those imposed on others with the same or similar convictions, but also concedes that "it is difficult to compare sentences for the same or similar offense." Brief for appellant in case No. A-19-1199 at 11; brief for appellant in case No. A-19-1200 at 11. As noted in *State v. Albers*, 276 Neb. 942, 758 N.W.2d 411 (2008), in an appeal that does not involve a death sentence, the issue in reviewing a sentence is not whether someone else in a different case received a lesser sentence, but whether the defendant in the subject case received an appropriate one. And, it is often stated that the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. See *State v. Garcia, supra*.

The record does not show that the district court considered anything inappropriate when sentencing Stewart. Rather, the record indicates that the district court gave varying degrees of weight to relevant information from the PSR. We cannot say that the district court abused its discretion in resentencing Stewart in case No. A-19-1199 or in sentencing him in case No. A-19-1200.

CONCLUSION

We affirm the district court's orders, each dated November 20, 2019, in cases Nos. A-19-1199 and A-19-1200 except as follows: we vacate the portions of the November 20 order in case No. A-19-1199 (1) resentencing Stewart on his possession of marijuana conviction, referred to as "Count II," and (2) resentencing Stewart on his possession of drug paraphernalia conviction, referred to as "Count III," thus leaving intact the original sentences for those convictions.

AFFIRMED IN PART, AND IN PART VACATED.